FERRONI v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Term. January 25, 1904.)

1. COSTS—SECURITY—WAIVER OF RIGHT—STIPULATION—EFFECT.

In an action by an infant, defendant procured an order requiring security for costs as provided in Code Civ. Proc. § 3268. Learning that an undertaking was on file, he entered into a stipulation reciting that, plaintiff having complied in every respect with section 3268, the order for security might be vacated. Defendant, after service on him of notice of the filing of the undertaking, served a notice of exception to the surety, as authorized by Code Civ. Proc. § 3274. The surety did not appear, and thereupon defendant again moved for security, and his motion was denied. Held, that there was no waiver of defendant's right to question the sufficiency of the surety, and the motion should have been granted.

Appeal from City Court of New York.

Action by Michael Ferroni, an infant, by his guardian, against the Holbrook, Cabot & Daly Contracting Company. From an order of the City Court denying defendant's motion to require plaintiff to give security for costs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Benjamin Patterson, for appellant.
M. P. O'Connor, for respondent.

MacLEAN, J. Before beginning this action, the infant, by his guardian, filed an undertaking, approved by a justice, as security for costs, but intimated nothing of it to the defendant's attorney, who, under section 3268, Code Civ. Proc., procured an order requiring security, and so learned of the security filed. Later it was agreed, in a stipulation reciting, "The plaintiff herein having complied in every respect with section 3268 of the Code of Civil Procedure," that an order might be entered vacating the defendant's order requiring security. Nothing further was subscribed by the attorneys. How it came about, and where lies the truth in the conflicting affidavits, are not of moment; but the plaintiff did serve a notice of the filing of the undertaking, and within 10 days after that there was served upon his attorney a notice of exception to the surety, as the defendant was entitled to do, under section 3274. The surety did not appear to justify. The defendant moved again for security, which motion was opposed and denied upon an affidavit recounting certain alleged conversations and understandings, but nothing foregoing the defendant's

right to search, by an inquisition of its own, the sufficiency of the surety offered, and further setting out the stipulation, with its above-quoted recital admitting compliance with section 3268, but containing nothing respecting the other sections of the title of the Code as to security for costs. The motion should have been granted.

The order denying the motion, and here appealed from, is reversed, with costs and disbursements to the defendant to abide the event, and the motion granted. · All concur.